Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2386 | **DATE** | 12/23/2002 |
| **CASE TITLE** | Man Soo Lee vs. James W. Ziglar, Commissioner of the Immigration and Naturalization Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment [7-1] is denied. Defendant's motion for summary judgment [12-1] is granted. Judgment is hereby entered in favor of the defendant and against the plaintiff. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 24 2002 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 02 DEC 23 PM 2: 06 | | |
| | Copy to judge/magistrate judge. | FILED-ED TO | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAN SOO LEE, | ) | |
| Plaintiff, | ) ) ) | No. 02 C 2386 |
| v. | ) ) | Judge Ruben Castillo |
| JAMES W. ZIGLAR, Commissioner of the Immigration and Naturalization Service, | ) ) ) ) ) | |
| Defendant. | ) | |

DOCKETED
DEC 2 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Man Soo Lee ("Lee") brings this action against James W. Ziglar, Commissioner of the Immigration and Naturalization Service (INS), challenging the INS' denial of Lee's application for an immigrant visa. Lee is an acclaimed baseball player from Korea and is currently part of the coaching staff of the Major League Baseball team, the Chicago White Sox. Lee petitioned the INS for an immigrant visa, claiming that he was a worker with extraordinary ability, who therefore deserved priority treatment under § 203(b)(1)(A) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1153(b)(1)(A). Lee's petition was denied. Both parties now move for summary judgment. (R. 7-1; 12-1.) After careful consideration, we deny Lee's motion for summary judgment, (R. 7-1), and grant the INS' motion for summary judgment, (R. 12-1).

## RELEVANT FACTS

Lee, a citizen of Korea, currently resides in Illinois. (R. 1-1, Compl. ¶ 3.) Lee is arguably one of the most famous baseball players in Korean history. (R. 7-2, Pl.'s Facts ¶ 2.) He played for sixteen seasons as a catcher for the Samsung Lions from 1982-1997. (R. 9, Admin. R. at 005,



069.) During that time Lee hit a total of 252 home runs with a career batting average of .297.[1] (*Id.*) Until 1999, he held the Korean record for the most career home runs. (*Id.*) Lee's other achievements as a Korean baseball player include All Star Game appearances, the Triple Crown Title, season MVP and five Golden Glove awards. (*Id.*) Lee secured a coaching position with the Chicago White Sox for the 2000 season and a temporary visa in the P-1 category. (R. 9, Admin. R. at 006, 011-12.)

On April 17, 2000, Lee filed a petition with the INS Nebraska Service Center, seeking an immigrant visa as a professional baseball coach pursuant to § 203(b)(1)(a) of the INA. 8 U.S.C. § 1153(b)(1)(a). (R. 7-2, Pl.'s Facts ¶ 1.) In July 2000, the INS sent Lee a request for additional evidence to establish that Lee is "an alien of extraordinary ability" and "is one of that small percentage who have risen to the very top of the field of endeavor." (*Id.* at ¶ 3.) Lee responded by providing evidence of his great success as a baseball player. (*Id.* at ¶ 4; R. 9, Admin. R. at 018-053.) The INS sent Lee a letter in September 2000 requesting additional evidence that he sustained national or international acclaim as a *coach*. (R. 7-2, Pl.'s Facts ¶ 5.) Lee responded by arguing that under the statute he was not required to submit evidence that he is an acclaimed coach. (*Id.* at ¶ 6.) Lee contended that he need only establish his extraordinary ability as a baseball player and his intention to continue to work in the "area of his extraordinary ability." (*Id.*) Lee also submitted letters from White Sox Manager Jerry Manuel and White Sox Pitcher Bob Howry to support his argument that his experience as a baseball player is relevant to the experience and skills needed to coach major league baseball. (*Id.*, Ex. A & B.)

---

[1] Because the Korean baseball season is only 80 games long, Lee's accomplishments are on the same level as that of Babe Ruth and Hank Aaron. (R. 7-2, Pl.'s Facts ¶ 2.)

The Director of the INS Northern Service Center denied Lee's petition, noting that although Lee appeared to have been an accomplished baseball player, he had not achieved national or international acclaim as a coach. (*Id.* at ¶ 9.) The Director observed that Lee, as an ex-player, might be well-suited for a coaching position, but that the visa classification demands a much higher showing than simply being well-equipped for a given occupation. (R. 9, Admin. R. at 070.) On appeal, the INS Administrative Appeals Office (AAO) sustained the denial of Lee's petition. (*Id.* at 068-071.) The AAO observed that Lee never offered evidence that he received national or international acclaim as a coach, or that he was within the small percentage at the very top of the field of coaching. (*Id.*) The AAO further noted that even though Lee will be working in the field of baseball, he will not be doing so as a player, which is the only area in which Lee has demonstrated extraordinary ability. (*Id.* at 070.) Lee's appeal is now before this Court.

## LEGAL STANDARDS

The Court is bound by an abuse of discretion standard in reviewing the INS' decision to deny Lee's visa petition. *Bal v. Moyer*, 883 F.2d 45, 47 (7th Cir. 1989); *Achacoso-Sanchez v. INS*, 779 F.2d 1260, 1264 (7th Cir. 1985); *Russell v. INS*, No. 98 C 6132, 2001 WL 11055, *3 (N.D. Ill. Jan. 4, 2001); *Grimson v. INS*, 934 F. Supp. 965, 967 (N.D. Ill. 1996); *Muni v. INS*, 891 F. Supp. 440, 444 (N.D. Ill. 1995); *Racine v. INS*, No. 94 C 2548, 1995 WL 153319, *3 (N.D. Ill. Feb. 27, 1995); *Garcia-Lopez v. INS*, 923 F.2d 72, 74 (7th Cir. 1991). Therefore, we must defer to the INS' decision unless it: 1) is made without a rational explanation, 2) inexplicability departs from established policies, or 3) rests on an impermissible basis. *Bal*, 883 F.2d at 46; *Achacoso-Sanchez*, 779 F.2d at 1265.

3

Moreover, the Court is not permitted to conduct a *de novo* review of the INS' construction of the relevant sections of the INA. Our inquiry is limited to whether the agency's interpretation is "based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 843 (1984). Thus, even though we might disagree with the INS' statutory construction, we "may not substitute [our] own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844.

## ANALYSIS

Lee attempts to gain permanent residence in the United States as an "alien of extraordinary ability" under § 203(b)(1)(A). 8 U.C.S §1153(b)(1)(A). To obtain an immigrant visa under this classification, the applicant must show that:

(i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,

(ii) the alien seeks to enter the United States to continue to work in the area of extraordinary ability, and

(iii) the alien's entry to the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153(b)(1)(A). The INS regulations interpreting § 203(b)(1)(A) define extraordinary ability as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). The regulations further specify the type of evidence which may be presented to support a finding of "extraordinary ability," including documentation of nationally or internationally recognized awards, documentation of membership in associations in the field for which classification is sought and publications about the alien's work in the field. 8 C.F.R. § 204.5(h)(3).

In support of his petition for a visa as a coach of extraordinary ability, Lee offered evidence that he was an outstanding foreign professional baseball player. Lee presented letters from top officials in the Korean Baseball Organization ("KBO") supporting his claim, a certificate from the KBO confirming Lee's career statistics and receipt of national awards and newspaper articles relating to Lee's baseball career. (R. 9, Admin. R. at 005, 017.) The INS does not dispute that Lee might qualify as an alien of extraordinary ability as a baseball *player*. The INS argues, however, that Lee failed to establish extraordinary ability as a baseball *coach*.

The INS' determination that Lee was not an alien of extraordinary ability as a baseball coach was reasonable. Our review of the record reveals that Lee has not distinguished himself as a coach to such an extent that he has achieved national or international acclaim or risen to the very top of the baseball coaching profession. In fact, the record only shows Lee's achievements as a player, not a coach, which are markedly different roles. Lee even admits that he does not claim to be a coach who has risen to the top of the field. (R. 9, Admin. R. at 066.) The INS' distinction between extraordinary ability as a coach and a player is a reasonable one, entitled to deference. As such, the INS did not abuse its discretion in determining that Lee was not an alien of extraordinary ability under 8 U.S.C. § 1153(b)(1)(A)(i).

The INS also found that Lee failed to establish that he was "seeking to enter the United States to continue to work in the area of extraordinary ability." 8 U.S.C. § 1153(b)(1)(A)(ii). The INS contends that because Lee is coaching, rather than playing, he is not continuing to work

in the "area of extraordinary ability."[2] Lee argues that because he is coaching a major league *baseball* team, he is thus continuing to work in his "area" of extraordinary ability – baseball.

Once again, the INS' interpretation of "area of extraordinary ability" is a reasonable one and thus binding on this Court. *Muni*, 891 F. Supp. at 442. It is reasonable to interpret continuing to work in one's "area of extraordinary ability" as working in the same profession in which one has extraordinary ability, not necessarily in any profession in that field. For example, Lee's extraordinary ability as a baseball player does not imply that he also has extraordinary ability in all positions or professions in the baseball industry such as a manager, umpire or coach. The regulations regarding this preference classification are extremely restrictive, and not expanding "area" to include everything within a particular field cannot be considered unreasonable. *See, e.g., In re X*, 1998 WL 2027170 (AAU May 14, 1998) (denying § 203(b)(1)(A) petition of acclaimed soccer player as a soccer coach because the occupations of player and coach are "significantly different"); *In re Y*, No. EAC 97 156 53387, 1998 WL 34022189 (AAU Aug. 6, 1998) (denying § 203(b)(1)(A) petition of alien who claimed notoriety as a baseball player but could not show that he achieved acclaim as a coach and instructor, the position for which he sought classification).

Moreover, the INS' decision was not an abuse of discretion. *See Achacoso-Sanchez*, 779 F.2d at 1265. The decision was a rational one based on the INS' reasonable interpretation of §203(b)(1)(A) of the INA and did not rest on an impermissible basis. The decision denying

---

[2] The INS also questions how much coaching Lee actually performs since he failed to offer evidence of his responsibilities as a bullpen catcher, his role on the coaching staff, how much coaching he even performs or comparative evidence that would demonstrate that his $35,000 annual salary is a high salary for baseball coaches.

Lee's petition is also consistent with the INS' established policy. In reviewing other INS denials similar to Lee's, we found that the INS consistently denies petitions of players seeking a visa as a coach pursuant to § 203(b)(1)(A) of the INA. *See also In re X*, No.WAC 97 002 51022, 1998 WL 2027159 (Feb. 20, 1998); *In re Y*, No. LIN 97 107 52003, 1997 WL 33306263 (Sept. 18, 1997); *In re X*, No.WAC 97 188 51073, 1998 WL 34029516 (July 6, 1998).[3]

The INS has explicitly stated that the "area" of athletics should not be considered as a whole to include every occupation involving athletics. *In re X*, 1998 WL 2027159 (denying petition because extraordinary ability as a skier does not necessitate a finding of extraordinary ability as a ski coach, commentator or product endorser simply because all might be considered to be in the field of athletics). Furthermore, in a case similar to the instant one, where a soccer player petitioned for an immigrant visa as a soccer coach, the AAO commented that the general assertion that former players often enjoy success as coaches "cannot establish that [a] particular alien has already earned national or international acclaim as a [] coach." *In re X*, 1998 WL 2027170. Therefore, the INS' decision that Lee's past achievements as a baseball player do not imply that he likewise possesses an extraordinary ability as a coach is in accord with established INS policy. In short, the INS' construction of § 203(b)(1)(A) was reasonable and the agency's application of the statute to Lee's petition was not an abuse of discretion.

---

[3] The Court's research yielded a few decisions where the INS granted an acclaimed athlete an immigrant visa as a coach. Upon review, however, these decisions can be distinguished from the instant one. In three of these decisions, including one cited by Lee, the acclaimed athlete had experience as a coach. *See In re X*, No. EAC 96 030 51132, 1997 WL 33171392 (June 10, 1997); *In re Y*, No. EAC 95 183 50594, 1997 WL 33171120 (June 13, 1997); *In re Josip Sapunar*, No. A73 4000 252 (Apr. 1, 1996). In another decision, the petitioner showed an expertise in her martial art as well as experience judging the sport. *In re X*, No. A73 405 882, 1996 WL 33166640 (Jan. 31, 1996).

7

## CONCLUSION

For the reasons set forth above, the INS' decision denying Lee an immigrant visa is affirmed. Lee is no doubt an acclaimed baseball player who during his lengthy career contributed much to Korean baseball. The visa classification for extraordinary ability is an extremely restrictive one, however, and absent an abuse of discretion, the Court must defer to the INS' resonable interpretation of the statute. Therefore, Lee's motion for summary judgment is denied, (R. 7-1), and the INS' motion for summary judgment is granted, (R. 12-1). The Clerk of the Court is instructed to enter judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of the Commissioner of the INS.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: December 23, 2002**